The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Wanda Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. The involved claim arises out of plaintiff's transfer from Goldsboro Correctional Center to a correctional institution in the western part of the state by the North Carolina Department of Corrections. Plaintiff has filed a claim that certain employees of the North Carolina Department of Corrections, Mary Hines, Clara Smith and Hugh Jones negligently caused this transfer.
2. On March 7, 1996, while plaintiff was in the custody of the North Carolina Department of Corrections housed at Goldsboro Correctional Center, he had a work release job with Rural Plumbing and Heating. He was working at the Cherry facility when Officer Bernie Musgrave arrived and instructed the plaintiff to gather his belongings because he was being transferred to another institution. After that plaintiff was told by Sergent Cannon to pack his things because he was being transferred to the Buncombe County Unit in Asheville, North Carolina.
3. As a result of plaintiff's transfer, he lost his work release job at which he was earning $8.00 per hour and working in excess of forty hours per week. As a part of the work release program when plaintiff returned to his unit he was required to turn in his wages which were sent to Raleigh where deductions were taken out for expenses, fines, restitution and dependents; plaintiff had access to the remainder. When plaintiff was transferred, he was not put back in the work release program at his new facility until June 10, 1996 at which time he was making $6.00 per hour and working forty hours per week. On September 28, 1996 at the new facility, plaintiff was removed from work release for a period of time because of an infraction which he committed.
4. Prior to January 1996, plaintiff had also been involved in the home leave program. As part of the home leave program, an inmate must always be accompanied by his sponsor when away from the facility. The sponsor is also required to pick the inmate up from the facility and return the inmate to the facility. Mary Brance Hines, a Correctional Program Supervisor was informed that in January 1996 plaintiff's sponsor had allowed him to leave her presence for a certain period of time. Furthermore, the sponsor indicated to Ms. Claire Smith, the Correctional Programs Director that she had taken the plaintiff somewhere and left him unaccompanied and no longer wanted to be the plaintiff's sponsor. Based upon this information, plaintiff was removed from the Home Leave Program. Ms. Hines, Ms. Smith and Mr. Edward Banks, the Superintendent of the Goldsboro Facility each spoke directly with plaintiff's sponsor and knew that he had been unattended while on home leave and was in direct violation of that program.
5. There were also complaints by plaintiff's ex-wife that he had been in contact with her and was harassing her. However, plaintiff's transfer was based primarily upon his violation of the Home Leave Program. Furthermore, plaintiff's response to being removed from the Home Leave Program was perceived as threatening by the appropriate chain of command, and plaintiff was therefore removed to the Asheville facility.
6. Plaintiff has presented no evidence that his transfer was a result of any negligence on the part of the named employees of the North Carolina Department of Corrections. Furthermore, plaintiff's allegations involved the intentional actions of the named individuals and there is no cause of action under the Tort Claims Act for intentional acts.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. At the time complained of there was no actionable negligence on the part of any named or unnamed employee, agent, servant, or representative of Defendant North Carolina Department of Corrections proximately resulting in the damages for which the instant claim has been filed.
2. Furthermore, plaintiff's allegations of intentional acts by the named individuals do not state a cause of action for which there is a remedy under the Tort Claims Act.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. IT IS THEREFORE ORDERED that plaintiff have and recover NOTHING from the Defendant and that his claim be DISMISSED with prejudice.
2. Each side shall bear its own costs.
This the _ day of March 1998.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER
TJB/cnp/db